IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| PAMELA REIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11-3425 |
| | ) |
| QUINCY PUBLIC SCHOOL | ) |
| DISTRICT #172, | ) |
| | ) |
| Defendant. | ) |

OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Pamela Rein's Motion to Compel (d/e 25). For the reasons set forth below, the Motion is ALLOWED.

BACKGROUND

Rein has filed this claim for age discrimination against her employer Defendant Quincy Public School District #172 (District), under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. First Amended Complaint (d/e 19) (Complaint). Rein alleges that she was born on June 4, 1956, and she has worked for the District for 18 years. She alleges that when she was 54 years of age the District Superintendent asked when she planned to retire. She told the Superintendent she had no

plans to retire. She alleges that thereafter she has been subjected to various acts of discrimination. In particular, she alleges that she applied for several administrative positions, but was turned down in favor of younger less qualified employees. Complaint ¶¶ 9, 11-14.

In discovery, Rein requested the identity of the successful candidates for the administrative positions for which she applied and a copy of the candidates' personnel file. See Response to Plaintiff's Motion to Compel (d/e 27), ¶ 1. Rein's counsel stated that production of the personnel files would be subject to a protective order. Motion, Exhibit B, Email dated December 4, 2012. The District disclosed the identity of six successful candidates for the positions, Aaron Beswick, Laurie Fiorenza, Christy Cox, Daniel Sparrow, Jason Fink and Cheryl Dreasler. The District, however, objected to producing the personnel files on the grounds that the request was overly broad, burdensome, and sought information irrelevant to Rein's claim. Motion, Exhibit A, Supplemental Response to Plaintiff's Requests to Produce, at 2 Response to Request No. 7. Rein now moves to compel the production of these files subject to an appropriate protective order.

## PRINCIPLES OF DISCOVERY

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the

claim or defense of any party.  Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence.  The rule gives the district courts broad discretion in matters relating to discovery.  See Brown-Bey v. United States, 720 F.2d 467, 470-471 (7th Cir.1983); Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130 U. A., 657 F.2d 890, 902 (7th Cir.1981); see also, Indianapolis Colts v. Mayor and City Council of Baltimore, 775 F.2d 177, 183 (7th Cir.1985) (on review, courts of appeal will only reverse a decision of a district court relating to discovery upon a clear showing of an abuse of discretion).  "[I]f there is an objection the discovery goes beyond material relevant to the parties' claims or defenses, the Court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action.  The good-cause standard warranting broader discovery is meant to be flexible."  Federal Rule of Civil Procedure 26(b)(1) Advisory Committee Notes, 2000 Amendment.

The federal discovery rules are to be construed broadly and liberally.  Herbert v. Lando, 441 U.S. 153, 177 (1979); Jefferys v. LRP Publications, Inc., 184 F.R.D. 262, 263 (E.D .Pa. 1999).  Federal Rule of Civil Procedure

26(b)(1) provides that the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . .," but "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Id. The party opposing discovery has the burden of proving that the requested discovery should be disallowed. Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656 (D. Kan. 1999); Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., Inc., 132 F.R.D. 204, 207 (N.D. Ind. 1990); Flag Fables, Inc. v. Jean Ann's Country Flags and Crafts, Inc., 730 F. Supp. 1165, 1186 (D. Mass. 1989).

District Courts have broad discretion in discovery matters. Packman v. Chicago Tribune Co., 267 F.3d 628, 646 (7th Cir., 2001). A party must be diligent in pursuing the perceived inadequacies in discovery and the trial court does not abuse its discretion if a party untimely seeks to compel inadequate discovery responses. Packman, at 647. However, even an untimely filed motion to compel may still be allowed if the party demonstrates actual and substantial prejudice resulting from the denial of discovery. Id. Remember, we are talking discovery, not admissibility at trial.

## ANALYSIS

The District's objections are overruled. The requested information is relevant, and producing (subject to a protective order) six personnel files of the individuals who were hired for positions for which Rein applied is neither overly broad nor unduly burdensome.

Rein alleges an ADEA claim for age discrimination, including claims of a failure to promote. Rein may elect to proceed under either the direct or indirect method of proof to establish this claim. Jordan v. City of Gary, Ind., 396 F.3d 825, 834 (7th Cir. 2005). Under the indirect method, she may present evidence of a prima facie case that she was more than 40 years of age, she was qualified for the promotion, she was denied the promotion in favor of substantially younger individual who was similarly or less qualified than she. Id. If she makes out this prima facie case, the District may present a legitimate, nondiscriminatory reason for the employment decision. Rein then may present evidence that the stated reason is a pretext. Id. at 834. In this case, the personnel files of the six successful candidates may contain relevant evidence or may lead to relevant evidence about: (1) whether the successful candidates were similarly or less qualified than Rein; (2) the District's possible legitimate, nondiscriminatory reasons for its promotion decisions; and (3) whether the possible purported legitimate, nondiscriminatory reasons are pretexts. The requested

information is relevant for purposes of discovery. The District's arguments to the contrary are not persuasive. The Court further determines, in its discretion, that an in camera review is unnecessary.

The request for the six files is not overly broad or unduly burdensome. Rein has limited her request in the Motion to the personnel files of the successful candidates for the positions for which she applied. She is not moving to compel production of personnel files for every applicant for the positions or every District administrator. This request is appropriately limited. She further agrees to make the production subject to an appropriate protective order. The production under these conditions is not unduly burdensome. The District is therefore ordered to produce six personnel files for inspection and copying.

The production of the six personnel files is subject to the following protective order. All of the information contained in the six personnel files (Protected Material) shall only be used for the sole purpose of preparing for or conducting this litigation, including, but not limited to, discovery, depositions, trial preparation and trial. Rein shall redact personal identifying information from any copies of any portions the Protected Material that she files in this litigation in accordance with Federal Rule of Civil Procedure 5.2 and Local Rule 5.11. The Protected Material shall

otherwise only be disclosed to Rein, her attorneys (and her attorneys' employees), any experts or consultants (and their employees) who are retained by Rein or her counsel to assist in the preparation and trial of this litigation, and any copying service used to copy the Protected Material for use in connection with this litigation.  The Protected Material shall not be disclosed to anyone else.  Rein and her counsel shall destroy or return to the District's counsel the Protected Material, including all copies of any portion of the contents thereof, within 30 days after the entry of a final, non-appealable judgment in this case.

WHEREFORE Plaintiff's Motion to Compel (d/e 25) is ALLOWED. The District is directed to produce the six personnel files by January 22, 2013.  The documents so produced are subject to the protective order set forth in this Opinion.

Enter: January 15      , 2013

s/ Byron G. Cudmore<br>UNITED STATES MAGISTRATE JUDGE